Samuel W. Eager, J.
This is a motion by a general contractor to vacate demands by a materialman for statements pursuant to section 36-d of the Lien Law.' The general con *654 tractor claims that the materialman furnished the materials to a subcontractor; that there is no privity of contract between it (the general contractor) and the materialman; that there is no payment due directly by it to the materialman; and that, therefore, the materialman is not a person entitled to demand a statement from it under subdivision (4) of section 36-d of the Lien Law.
There is an action pending in this court by the materialman to foreclose his liens. In such action personal judgment is requested against the general contractor in the event the liens are held invalid. By answering affidavit, on this motion, the materialman claims that certain of the materials furnished by him were requested personally by the general contractor because the subcontractor had fallen down on the job and because the general contractor took over the completion of the plumbing work. The materialman also claims payment due directly from the general contractor by virtue of assignment of moneys owing by it to the subcontractor. Thus, we have on this motion disputed issues as to whether or not there is a payment due directly by the general contractor to the materialman.
In any event, the motion is to be and is denied. There is no specific authority for this motion (see Matter of Rafuse, 274 App. Div. 944), and, while this court may have power to render an order in the pending action binding upon the parties with relation to the subject matter, the court should never act to vacate a demand under section 36-d of the Lien Law where the right to such relief would require the summary resolving of issues of fact in the favor of the applicant.
Settle order on notice.